11-2020-ag
Yanti v. Holder

BIA
A089 253 252
A089 253 253

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand twelve.

PRESENT:
          JOSEPH M. McLAUGHLIN,
          JOSÉ A. CABRANES,
          BARRINGTON D. PARKER,
               *Circuit Judges.*

_____

EKA YANTI, HERMANTO KHOMAN,
          *Petitioners,*

     v.                                    11-2020-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONERS:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Paul Fiorino, Senior
                        Litigation Counsel; Derek C. Julius,
                        Senior Litigation Counsel, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Eka Yanti and Hermanto Khoman, natives and citizens of Indonesia, seek review of an April 19, 2011, decision of the BIA denying their motion to reopen removal proceedings. *In re Eka Yanti and Hermanto Khoman*, Nos. A089 253 252/253 (B.I.A. Apr. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). As the Government correctly argues, in their motion to reopen, petitioners did not challenge the BIA's dispositive finding that Yanti can safely relocate in Indonesia. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Zhong v. U.S. Dep't of Justice*,

2

480 F.3d 104, 119-20 (2d Cir. 2007).  Accordingly, because petitioners failed to challenge the relocation finding in the motion to reopen, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue.  *See id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

This alone provides a basis for denying the petition for review.  Because the agency's finding that Yanti could safely relocate was dispositive of the petitioners' claims, *see* 8 C.F.R. §§ 1208.13(b), 1208.16(b)(2) and (c)(3); *Steevenez v. Gonzales*, 476 F.3d 114, 117-18 (2d Cir. 2007) ("An alien's ability to relocate safely constitutes a ground, in and of itself, on which an [Immigration Judge's] denial of withholding of removal may be based...."); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."), and they did not challenge this finding in the motion to reopen or explain why their new evidence demonstrated that there was no area of Indonesia to which they could relcoate, they were unable to establish that the result of the proceedings would be different if they were reopened, *see Poradisova v. Gonzales*,

3

420 F.3d 70, 78 (2d Cir. 2005) (finding that to prevail on a motion to reopen, an alien must "establish *prima facie* eligibility for asylum, *i.e.*, a realistic chance that [s]he will be able to establish eligibility" (internal quotation marks omitted)).

Finally, although brief, the BIA's decision provides a sufficient basis for review. *See Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4